UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALLACE,<br><br>   Petitioner,<br><br>   v.<br><br>RON E. BARNES,<br><br>   Respondent. | No. 2:14-cv-0157-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently before the court are respondent's motion to dismiss the petition (ECF No. 22), petitioner's motions to amend the petition (ECF Nos. 25, 42), for a stay-and-abey (ECF Nos. 32, 40), and "for fair and constructive notice" (ECF No. 37). For the reasons that follow, it is recommended that the motions to dismiss, amend, and stay be granted and the motion "for fair and constructive notice" be denied.

**I. Background**

Petitioner is incarcerated in Pelican Bay State Prison on a sentence of life without the possibility of parole following conviction on two counts of murder with a variety of sentence-enhancing circumstances. ECF No. 1 at 1. Petitioner's direct appeals of his conviction were not successful. *Id.* at 2. Petitioner also filed three unsuccessful state habeas petitions, one at each level of state court.

1

**II. The Motions to Dismiss, Amend, and Stay**

Petitioner raises ten claims in this action. *Id.* at 18-22. He concedes, and the record shows, that eight of those claims have not been presented to the California Supreme Court. ECF No. 25; Resp.'s Lodged Documents (hereinafter "Lodg. Doc."), Lodg. Doc. No. 9 (Petn. for [Direct] Review in the Cal. Supreme Ct.) & No. 11 (Petn. for Writ of Habeas Corpus in the Cal. Supreme Ct.). The unexhausted claims are labeled as 3(a), 3(b), 3(c), 3(e), 3(f), 3(i), 3(k), and 3(unlettered). ECF No. 1 at 18-22.

Federal law requires that, to assert a claim in a federal habeas petition, the petitioner must have already fairly presented the claim to the highest state court with jurisdiction to consider it, either through appeal or collateral proceedings. 28 U.S.C. § 2254(b); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). To "fairly present" a claim, the state appeal or petition "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Claims of ineffective assistance of counsel (as are presented here), where based on different facts, must each be exhausted prior to presentation in a federal petition. *Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005).

The petition before the court is therefore what is known as a "mixed" petition; that is, one that presents both exhausted and unexhausted claims. Ordinarily, such petitions must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the unexhausted claims before amending or deleting the exhausted claims from the amended petition). *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

In apparent recognition of this legal reality, petitioner filed a motion to amend to delete the unexhausted claims from the petition. ECF No. 25. Before the court ruled on that motion, however, petitioner filed a motion asking the court to stay the case to allow him to return to state court to exhaust the unexhausted claims. ECF No. 32. Petitioner has since filed another motion for stay, indicating that he has exhausted several of the previously unexhausted grounds and seeking a stay so that he may exhaust one remaining unexhausted ground. ECF No. 40.

Petitioner also seeks leave to amend his petition once he has exhausted certain claims. ECF No. 42. As justification for such a stay, petitioner states simply that he is "a layman and ignorant to Rules and Procedures, of this exhaustion doctrine" and "believed that he had exhausted his state claims." ECF No. 32 at 2. Respondent has not filed an opposition or statement of no opposition to either the motion to amend or the motion to stay. *See* E.D. Cal. L.R. 230(c).

There are two approaches for analyzing stay-and-abey motions—one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). *Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If a petition contains both exhausted and unexhausted claims, a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant

to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

Here, a stay of the type provided by *Rhines* is not available to petitioner, because he has not shown good cause for not having already exhausted the unexhausted claims, as *Rhines* requires. "Good cause" has been interpreted by the Ninth Circuit as "a reasonable excuse, supported by sufficient evidence, to justify that failure [to exhaust]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). A mere lack of knowledge and a mistaken belief that unexhausted claims had been exhausted, as petitioner puts forth for justification here, do not constitute good cause. *Id.* at 981; *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

Because good cause is not required under *Kelly*, the court may grant petitioner's request to stay the case under *Kelly* and dismiss the petition with leave to file an amended, fully exhausted petition. If petitioner has already completed exhaustion of the claims identified herein as unexhausted, he may include those claims in the amended petition and the case will proceed. If exhaustion has not yet been completed, the amended petition should not include the unexhausted claims. Instead, the court will hold the amended petition in abeyance until petitioner exhausts the currently-unexhausted claims. Once exhaustion is complete, petitioner may once again amend the petition to re-attach claims 3(a), 3(b), 3(c), 3(e), 3(f), 3(i), 3(k), and 3(unlettered, page 22 of the federal petition). Petitioner is cautioned, however, that the one-year statute of limitations in 28 U.S.C. § 2244(d) will not be stopped while he exhausts the unexhausted claims.

**III. Petitioner's Motion "For Fair and Constructive Notice"**

Petitioner has filed a "motion for fair and constructive notice based upon AB885 i.e. Brady v. Maryland exculpatory." ECF No. 37. Respondent has not filed any opposition or statement of no opposition. Petitioner's filing appears to state an additional claim for habeas relief. *See id.* ("Petitioner contends the prosecutor was allowed to impose concerted efforts in collision of the (Judicial) procedures: when the local oligarchy i.e. 'Appellate Courts' allowed the Exculpatory Evidence to be withheld from the face sheet of the record."). As the filing is not

/////

/////

actually a motion, but rather an additional claim for relief, petitioner should be given leave to include the claim in his amended petition, provided the claim has been exhausted, and the motion should be denied as moot.

**IV. Recommendations**

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's June 18, 2014 motion to dismiss (ECF No. 22) be granted, and the petition be dismissed with leave to amend;
2. Petitioner's motions to amend (ECF Nos. 25, 42) and for stay (ECF Nos. 32, 40) be granted; and
3. Petitioner be ordered, within 30 days of the date of any order adopting these findings and recommendations, to file an amended petition stating only claims that have been exhausted pursuant to 28 U.S.C. § 2254(b);
4. Petitioner be ordered, concurrently with the amended petition, to inform the court whether he is pursuing exhaustion of other claims in state court such that the instant case should be stayed under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002);
5. Petitioner be granted permission to include within his amended petition his claim as stated in his motion "for fair and constructive notice" (ECF No. 37), provided that claim has been exhausted; and
6. Petitioner's motion "for fair and constructive notice" (ECF No. 37) be otherwise denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2014.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE